UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENT D. DANIELS,

                               Plaintiff,

              v.                                                                      9:20-CV-0888
                                                                                (BKS/TWD)

CORRECTION OFFICER
JOHN DOE #3, et al.,

                             Defendants.
_____

APPEARANCES:

KENT D. DANIELS
Plaintiff, pro se
18-A-4756
**Last known address**
Washington Correctional Facility
Box 180
72 Lock 11 Lane
Comstock, NY 12821


BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

      Plaintiff Kent D. Daniels commenced this civil rights action by filing a pro se complaint

asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with a motion for

appointment of counsel, and a motion for discovery, which was styled as a motion for

preliminary injunctive relief.  *See* Dkt. No. 1 ("Compl."); Dkt. No. 3 ("Motion for Counsel");

Dkt. No. 4 ("Motion for Discovery").[1]  Plaintiff paid the filing fee for this action.

By Decision and Order entered on October 5, 2020, the Court found that plaintiff's Eighth Amendment excessive force claims against defendants John Doe #2 and John Doe #3 survived sua sponte review, dismissed plaintiff's official capacity claims with prejudice, and dismissed his remaining Section 1983 claims without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.  Dkt. No. 5 ("October 2020 Order").[2]  Because the complaint was not signed, the Court afforded plaintiff thirty (30) days to sign and return to the Clerk of Court a Rule 11 Certificate included with the October 2020 Order, and advised him that his failure to do so would result in the dismissal of this action without prejudice and without further Order of this Court.  *Id*. at 27.[3]

On November 5, 2020, the Court received from plaintiff a letter request for an extension of time to comply with the October 2020 Order.  Dkt. No. 6.  That same day, Magistrate Judge Therese Wiley Dancks issued an Order granting plaintiff's request, and extending the compliance deadline to December 7, 2020.  Dkt. No. 7 ("November 2020 Order").

Despite the extension of time, plaintiff failed to return the Rule 11 Certificate within the required deadline.  Moreover, plaintiff has not communicated further with the Court since

---

[1]  Plaintiff submitted with these documents an affidavit of service, which indicates that plaintiff's filing was also accompanied by a "Notice of Motion to Proceed In Forma Pauperis[.]"  *See* Dkt. No. 1-4 at 1.  The Court, however, did not receive an application to proceed in forma pauperis ("IFP") from plaintiff.  In addition, the inmate authorization form submitted by plaintiff was not signed.  *See* Dkt. No. 2.

[2]  The Court also denied both the Motion for Counsel and the Motion for Discovery.  *See* October 2020 Order at 27-28.

[3]  Plaintiff was also provided a blank IFP application and advised that if he returned the application completed, signed, and certified by an appropriate official at his facility, the Court would consider it in accordance with 28 U.S.C. § 1915.  *See* October 2020 Order at 25-27.

submitting his extension request, and the public website maintained by the New York

Department of Corrections and Community Supervision ("DOCCS") indicates that he was

released from DOCCS custody on January 5, 2021.  *See* http://nysdoccslookup.doccs.ny.gov

(last visited January 19, 2021).

Plaintiff was expressly advised in the October 2020 Order that he is "required to

promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in

his address[,]" and that "his failure to do so may result in the dismissal of this action[.]"  *Id.* at

18.  In addition, Rule 10.1(c)(2) of the Local Rules of Practice of the Northern District states

that "**All attorneys of record and *pro se* litigants must immediately notify the Court of

any change of address.**"  N.D.N.Y.L.R. 10.1(c)(2) (emphasis in original).[4]  Indeed, this

notification is essential to the orderly disposition of cases.  As previously noted in this

District:

> It is neither feasible nor legally required that the clerks of the
> district courts undertake independently to maintain current
> addresses on all parties to pending actions.  It is incumbent upon
> litigants to inform the clerk of address changes, for it is manifest
> that communications between the clerk and the parties or their
> counsel will be conducted principally by mail.  In addition to
> keeping the clerk informed of any change of address, parties are
> obliged to make timely status inquiries.  Address changes
> normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility*, No. 6:95-CV-1525 (RSP/RWS), 1996 WL 172699, at

*1 (N.D.N.Y. Apr. 10, 1996) (*quoting Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May

19, 1985)).

---

[4]  Local Rule 41.2(b) provides that "[f]ailure to notify the Court of a change of address in accordance
with L.R. 10.1(c)(2) may result in the dismissal of any pending action."  N.D.N.Y.L.R. 41.2(b).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court.  Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).[5]  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *See Freeman v. Lundrigan*, No. 95-CV-1190 (RSP/RWS), 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996).[6]

This matter cannot proceed without a properly signed complaint, or notification by plaintiff of his current address.  However, in light of plaintiff's pro se status, and his recent release from DOCCS custody, the Court will not dismiss this action at this time.  Instead, the Court will afford plaintiff a final opportunity to return the required Rule 11 Certificate, and notify the Court of his present address.  In the event plaintiff fails to timely comply with this Decision and Order, this action will be dismissed without prejudice without further Order of the Court.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff must do the following **within thirty (30) days** of the filing date

---

[5]  It is well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court.  *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

[6]  Even though Rule 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint, sua sponte, for failure to prosecute.  *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980).  The correctness of a Rule 41(b) dismissal for failure to comply with an order of the court or the procedural rules of the court is determined in light of five factors: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules), (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

of this Decision and Order if he wishes to avoid dismissal of this action: (i) return the Rule 11

Certificate attached to the October 2020 Order; **and** (ii) notify the Clerk's Office of his current

address; and it is further

ORDERED that in the event plaintiff fails to timely comply with this Decision and

Order, this action shall be **DISMISSED without prejudice without further order of this**

**Court**; and it is further

ORDERED that the Clerk shall serve a copy of this Decision and Order on plaintiff at

his last known address of record.

**IT IS SO ORDERED.**

Dated: January 22, 2021
        Syracuse, NY

Brenda K. Sannes
U.S. District Judge

5